UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CAUSE NUMBER 5:17-CR-00578 |
| | § | |
| ARTURO BURUATO | § | |

**RECITATION OF FACTS
FOR SUPPRESSION HEARING**

The United States of America, by and through Abe Martinez, Acting United States Attorney for the Southern District of Texas, and José Angel Moreno, Assistant United States Attorney, and the Defendant, Arturo Buruato, by and through his counsel, Roberto Balli, file this Recitation of Facts for purposes of the suppression hearing held on September 12, 2017.

**PROCEDURAL HISTORY**

On August 10, 2017, Defendant filed a motion to suppress "the stop of his vehicle and all the evidence that was illegally acquired by the Government as a result of the illegal stop" on July 5, 2017.  Dkt. No. 22.  On August 1, 2017, the Court ordered the Government to respond no later than September 1, 2107.  A suppression hearing was set for 2:00 p.m. on September 11, 2107.  Dkt. No. 23.  The Government filed a motion to strike the pleadings on August 17, 2017 (Dkt. No. 24), and a Response in Opposition on September 1, 2017.  Dkt. No. 25.  The hearing was re-set for September 12, 2017 at 3:00 p.m.  Dkt. No. 26.  At the hearing, with the courts consent, the Government recited the facts into the record.  At the hearing, court requested that counsel submit an agreed stipulation of the material facts.

**RECITED FACTS**

On July 5, 2017, at approximately 5:22 p.m., Webb County Deputy Ismael Garcia conducted a traffic stop on a Chevrolet Tahoe that was travelling on the northbound lanes of State

Highway 83 South.  Highway 83 South is a two-way, two-lane divided highway.  At the point of

the stop, a wide median separates the northbound lanes from the southbound lanes.  On the date in

question, Highway 83 South was under repair.  Only temporary lines separated the lanes[1], and no

shoulder lines had been painted on the roadway.  The only traffic control devices on that stretch of

the northbound lanes were a speed limit sign (75 mph) and a "slower traffic keep right" sign.  The

weather on the date in question was partly cloudy day with good late-afternoon visibility.

Deputy Garcia had been with the Webb County Sheriff's Office for eight (8) years.  He

had spent seven (7) years as a detention officer at the county jail, and had been on patrol for a year.

Deputy Garcia patrolled Highway 83 South approximately once or twice a week.  On July 5, 2017,

Deputy Garcia was traveling southbound on Highway 83 South when he first noticed the Chevrolet

Tahoe heading northbound.  He did not recall what first attracted his attention to the SUV, but did

recall that the Tahoe was preceded on the highway by another SUV, possibly a Cadillac Escalade.

Deputy Garcia decided to turn around at a crossing point in the median, and followed the Tahoe.

He noticed the Tahoe was traveling on the passing lane (left lane) of the roadway.  There was no

other traffic on the northbound lanes.  Deputy Garcia erroneously believed that a traffic control

device (Left Lane for Passing Only sign) was on that stretch of the highway.  Deputy Garcia

followed the Tahoe for approximately 30 seconds on the passing lane and then activated his

emergency lights.  The Tahoe immediately pulled over.[2]

---

[1] Counsel for Defendant believes that the temporary markings separating the lanes indicates that there were no lanes at all on the northbound road.

[2] After consultation, counsel for Defendant informed the Government that he would stipulate only to the facts contained in the first two paragraphs of the recited facts.

Deputy Garcia approached the Tahoe and noticed that the driver appeared as if he wanted to exit the vehicle, so he waived him back to the rear of the Tahoe where Deputy Garcia was standing.  The driver identified himself as the Defendant, but he did not have a driver's license in his possession.  Deputy Garcia asked the Defendant to stand at the rear while Deputy Garcia approached the font seat passenger and asked for identification.  Although the front seat passenger identified herself, she too did not possess a driver's license.  Deputy Garcia then tried to identify the rear passengers, but they were unable to lower the windows or unlock the doors.  Deputy Garcia then asked the front seat passenger for consent to unlock the doors and windows from the driver's seat, and she consented.  Deputy Garcia then walked around the Tahoe to the driver's seat.  In the interim, Deputy Zamora arrived on the scene.  Deputy Garcia unlocked the doors and windows and stepped back to the driver's passenger door.  At that point, he noticed an individual hiding between the seats and suspected that the rear passengers might be undocumented aliens.  He signaled Deputy Zamora to handcuff Defendant, and then began to identify the rear passengers. All of the rear passengers were in the country unlawfully.  Deputy Garcia then called his dispatcher and requested assistance from Border Patrol.

Border Patrol Agent Nicholas Turner responded to the call for assistance, arriving at the scene at approximately 5:46 p.m.  After speaking with the Deputies for a few minutes, he approached the Tahoe and conducted an immigration inspection on all the passengers.  He determined that all of the passengers were unlawfully in the United States.  Other Border Patrol units then responded to the scene.  At approximately 6:32 p.m., Border Patrol took custody of the Defendant and the undocumented aliens and transported them to the Laredo South Border Patrol Station for processing.

3

Homeland Security Investigation Agents responded to the Laredo South Border Patrol Station regarding the alien smuggling case.  At approximately 9:12 p.m., the Agents interviewed the Defendant regarding the incident.  The Defendant waived his rights and readily admitted that he had been hired to transport the aliens for financial gain.  The Defendant does not challenge the voluntariness of his confession, but he does challenge its admission as the fruit of the unlawful traffic stop.

Respectfully submitted this 26th day of September, 2017.

_____

José Angel Moreno
Assistant United States Attorney
Federal ID No. 14449
11204 McPherson Road, Suite 100A
Laredo, Texas 78045
(956) 723-6523
angel.moreno@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on September 26, 2017 a true and correct copy of the Joint Stipulation of Facts was electronically filed with the Clerk of the Court using the CM/ECF System, which will transmit notification of such filing to all Counsel of Record.

_____

José Angel Moreno
Assistant United States Attorney

## CERTIFICATE OF CONFERENCE

I hereby certify that on September 25-26, 2017, I conferred with Roberto Balli, attorney

for Defendant, but could not reach an agreement regarding the material facts referenced above.

_____
José Angel Moreno
Assistant United States Attorney

5